## TANNER et al. v. ROSSER et al.

Under §3940 of the code, the grand jury empaneled at the fall term of the superior court is to fix the compensation of jurors for the next succeeding year, and when that grand jury continues to serve until the succeeding calendar year has in part expired, it may still fix such compensation, and the use of the words "for the next succeeding year" in the report or general presentments will be construed as applicable to the year touching which that particular grand jury has power to act, to wit the year succeeding the beginning of the fall term for which they were empaneled and during which they actually served, the report or presentments expressly referring to the section of the code conferring the power which the grand jury meant to exercise.                    Judgment affirmed.
August 23, 1892.

Pay of jurors.    Construction.    Before Judge MARSHALL J. CLARKE.    Fulton superior court.    March term, 1892.

Mandamus was sought to compel payment to the plaintiffs of $2 per day for their services as jurors in the city court of Atlanta, Fulton county, in February, 1892. The grand jury for the fall term, 1891, of Fulton superior court, by their presentments fixed the compensation of the jurors in the county in these words:

" Section 3940 of the State code authorizing us to do so, we fix the pay of all jurors for the next succeeding year at $2.00 *per diem.*" This action was under date of January 26, 1892. A demurrer was overruled and the petition sustained, the judge holding that the words " for the next succeeding year," being used by the grand jury for the fall term, 1891, meant the year 1892, inasmuch as that grand jury had nothing to do with fixing the pay of jurors for the year 1893. The statutes cited are, Code, §§3940, 3936, 5202 ; Acts 1877, p. 46 ; Acts 1884–5, p. 41 ; Acts 1890–91, p. 80.

William S. Thomson, for plaintiffs in error.

Rosser & Carter, Weil & Goodwin and James A. Anderson, *contra.*